IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONY LEE, *et. al*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-1334 |
| § | |
| WELLS FARGO BANK, N.A., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This suit challenges Wells Fargo's efforts to foreclose on a mortgaged property. Tony Lee, the owner of that property, and James Morgan, who entered into an earnest money contract with Lee to purchase the property, sued Wells Fargo and its substitute trustee, Jack Palmer, in state court to stop the pending foreclosure sale. The defendants removed the suit. This court previously dismissed Lee's claims because of his failure to prosecute or to comply with court orders. The defendants have filed a motion to dismiss the original complaint. (Docket Entry No. 15). Morgan has responded to the motion to dismiss, (Docket Entry No. 19), and has filed an amended complaint stating additional facts and causes of action, (Docket Entry No. 18).

The defendants have moved to strike Morgan's amended complaint on the basis that it was untimely filed and that Morgan failed to seek the court's leave or the defendants' consent before filing it. (Docket Entry No. 20, ¶¶ 9–11). Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its complaint "once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Morgan responds that he filed his amended complaint within 21 days after Wells Fargo filed its motion to dismiss. (Docket Entry No. 21, ¶¶ 1–3). Morgan argues that because he had not already amended his complaint as a matter of course, his amended complaint was timely filed under Rule 15(a)(1). He also argues that he was not required to seek the court's leave before filing. (*Id.*, ¶ 4). In the alternative, Morgan moves that the court grant him leave to file his amended complaint under Rule 15(a)(2). (*Id.*, ¶ 5).

Morgan was not permitted under Rule 15(a)(1) to file his amended complaint as a matter of course. Wells Fargo had previously filed an answer in state court before the suit was removed. (Docket Entry No. 1-3, at 13). That motion was filed more than 21 days before Morgan's amended complaint. The Fifth Circuit has held that "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937). "The pleadings as already filed stand as if they had been filed in federal court." *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985); *see also* 4 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1024 (3d ed.) ("As specified in Rule 81(c), the Federal Rules of Civil Procedure govern the procedure to be followed in a civil action after its removal from a state court; the action is treated as though it originally had been commenced in a federal court and the federal court has full and exclusive jurisdiction over the case."); *cf. Manzano v. Metlife Bank N.A.*, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) ("Because plaintiff filed her First Amended Complaint in state court prior to removal to this court, plaintiff already amended her pleading once as a matter of course. Thus, she could not properly file the [second amended complaint] without first obtaining leave of court.").

Morgan also failed to comply with Rule 15(a)(2)'s requirement that he seek the court's leave or the defendants' consent before filing his amended complaint. But even when a pleading is

2

improperly filed, the court may choose not to strike the pleading in the interests of judicial economy. *See Telles v. Stanislaus Cnty.*, 2011 WL 643358, at *1 n. 1 (E.D. Cal. Feb. 17, 2011). Courts often deny a motion to strike when "leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 4 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1484 (3d ed.) ("Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities."). The defendants have not shown that they would be prejudiced by the proposed amendment's filing. Under Rule 15(a)(2)'s lenient standard that leave to amend should be freely granted "when justice so requires," FED. R. CIV. P. 15(a)(2), Morgan's alternative motion to file an amended complaint is granted.

Morgan's amended complaint differs significantly from his original complaint. His original complaint appears to assert claims under the Home Affordable Modification Program, to quiet title, and for an accounting. Morgan's amended complaint asserts claims for wrongful foreclosure, breach of contract, tortious interference with an existing contract, negligence, Texas Deceptive Trade Practices Act violations, and Texas Debt Collection Practices Act violations. Morgan's amended complaint also alleges some critical additional facts that were not alleged in the original complaint, including that Wells Fargo has already foreclosed on the property and sold it.

The filing of an amended complaint supersedes the prior complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The question is whether the amended complaint is so different from the original complaint as to make the motion to dismiss moot. "A motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint," need not be denied as moot in all circumstances. *People's Choice Home Loan, Inc. v. Mora*, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007). "If some of the defects raised in the original motion remain in the new

pleading, the court simply may consider the motion as being addressed to the amended pleading." CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1476 (3d ed.).

In this case, the amended complaint is so far removed from the original complaint as to prevent the court from applying the defendants' motion to dismiss to Morgan's amended complaint. Although not ideal, the court concludes that the most prudent course is to find the motion to dismiss the original complaint moot as a result of the filing of the amended complaint and to allow the defendants to file a motion to dismiss that specifically addresses the amended complaint's claims and allegations.

The court orders as follows: Morgan's alternative motion for leave to file his first amended complaint, (Docket Entry No. 21), is granted; the defendants' motion to strike the first amended complaint, (Docket Entry No. 20), is moot; and the defendants' motion to dismiss under Rule 12(b)(6), (Docket Entry No. 15), is moot. Morgan's amended complaint is deemed filed as of today's date. The defendants are given until January 6, 2013 to file an additional motion under Rule 12. Morgan's response will be due 14 days after the defendants' Rule 12 motion is filed.

SIGNED on December 10, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge