IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY LEE and JAMES MORGAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-1334 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This suit challenges a foreclosure sale on a home. Tony Lee owned the home and signed the mortgage contract and related documents. James Morgan later entered into an earnest-money contract with Lee to purchase the home. Both sued Wells Fargo and its substitute trustee, Jack Palmer, in state court to stop the foreclosure sale that was scheduled after Lee defaulted on the mortgage note. While the suit was pending, Wells Fargo sold the home at foreclosure. This court previously dismissed Lee's claims because of his failure to prosecute and comply with court orders. Wells Fargo moved for summary judgment on Morgan's claims. Morgan did not respond, and this court granted summary judgment dismissing Morgan's claims. Morgan has moved for reconsideration under Federal Rules of Civil Procedure 59 and 60.

In the motion for reconsideration, Morgan contends that he did not respond to Wells Fargo's summary-judgment motion because he did not receive it. Wells Fargo moves for attorney's fees and costs under the Texas Debt Collection Act (TDCA) and on the basis that Morgan's motion for reconsideration was frivolous. Based on the motions, response, the record evidence, and the relevant law, Morgan's motion for reconsideration, (Docket Entry No. 31), is denied and Wells Fargo's

motion for fees and costs is granted, (Docket Entry No. 30), but only as to $1,433.66 in attorney's fees and $138.41 in costs. The reasons for these rulings are explained below.

## I.     The Motion for Reconsideration

On December 12, 2012, Wells Fargo filed a motion to dismiss under Rule 12(b)(6) and for summary judgment under Rule 56. Morgan did not respond. On February 27, 2013, this court granted Wells Fargo's motion for summary judgment, dismissing Morgan's claims. On March 25, 2013, Morgan moved for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Because Morgan's motion for reconsideration was filed fewer than 28 days after this court's opinion, his motion is appropriately considered under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "'Manifest error' is one that 'is plain and

indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Morgan, who is proceeding pro so, contends that he did not respond to Wells Fargo's summary-judgment motion because he did not receive it. Morgan states that he was out of town during part of the period between when Wells Fargo filed its motion and this court granted it. Morgan states that tracking information shows that a copy of Wells Fargo's motion, sent by certified mail, was not delivered and was returned to Wells Fargo's attorneys. Morgan also points out that the Clerk's Office incorrectly listed Enno J. Diaz as his attorney in the docket sheet and electronic filing system. Although Diaz filed a notice of appearance in this case, he filed another notice withdrawing that notice of appearance later the same day.

Under Federal Rule of Civil Procedure 5(b)(2)(C), a motion may be served by mail at a person's last known address, and service is complete upon mailing. *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1168 n.5 (5th Cir. 1980). Wells Fargo certified when it filed its summary-motion that it sent copies of that motion to Morgan's home address using both certified and first-class mail. Morgan does not dispute that the home address was correct. Morgan also fails to offer any reason why he would not have received either the copy of Wells Fargo's motion sent using first-

class mail or the multiple notices left at his home informing him that he had received certified mail. Morgan's motion for reconsideration is denied because service of Wells Fargo's motion was complete on December 12, 2012 when the motion was placed in the mail.

## II.     Wells Fargo's Requests for Attorney's Fees

Wells Fargo seeks reasonable attorney's fees and costs that it incurred defending against Morgan's TDCA claims. In a previous opinion, this court noted that under § 392.403(c) of the Texas Finance Code, "[o]n a finding by a court that an action under this section was brought in bad faith and for purposes of harassment, the court shall award defendant attorney's fees reasonably related to the work performed and costs." TEX. FIN. CODE § 392.403(c); *see also Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011) (awarding attorney's fees to the defendant because the "complaint does not make any substantial claims under the Act" and "simply references the 'laundry list' section of the Act, without specifically identifying how [the defendant] is supposed to have violated the act, or what the alleged violation might be."). This court previously found that at least some of Wells Fargo's attorney's fees and costs would be imposed against Morgan because his TDCA claims were brought in bad faith:

> Although this court gives some leeway to Morgan as a *pro se* plaintiff, this court finds that Morgan's TDCA claims were brought in bad faith and for the purposes of harassment. Morgan's TDCA claims were frivolous. The TDCA section of Morgan's complaint consists of vague and conclusory statements that Wells Fargo violated various provisions of the TDCA. Morgan's complaint is devoid of any factual allegations supporting those claims. Morgan was a stranger to the note and deed of trust that Lee executed and that Wells Fargo held. According to Morgan's own complaint, he was not the target of any of Wells Fargo's efforts to collect Lee's debt. That Morgan's TDCA claims were brought in bad faith is also supported by the fact that Morgan did not file a response to Wells Fargo's motion to dismiss and for summary judgment.

(Docket Entry No. 28). Wells Fargo was ordered to segregate and submit evidence of the fees reasonably attributable to Morgan's TDCA claim, separating it from those attributable to defending against Lee's claims and against Morgan's other claims.

On March 20, 2013, Wells Fargo filed a motion seeking $4,301.00 in attorney's fees and $415.22 in costs. Wells Fargo's lead counsel, George Kurisky, has filed an affidavit supporting its request. According to that affidavit and its attachments, Wells Fargo's counsel billed 14.41 hours at a blended hourly rate of $298.47.

Wells Fargo's attorney's fee request is reviewed under Texas law. Texas courts use the lodestar method for fee awards. *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex. App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *see also Guity v. C.C.I. Enter.*, 54 S.W.3d 526, 528 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law."). The first step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. The reasonable hourly rate is based on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The second step is to determine the number of hours "reasonably expended" by the attorneys. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). The court then multiplies the hours "reasonably expended" by the reasonable hourly rate to determine the lodestar figure. *Id.*[1]

---

[1] Once the lodestar is determined, a court must determine whether to increase or decrease the amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability

The blended hourly rate requested of $298.47 by Wells Fargo's attorneys is reasonable in light of their experience, areas of expertise, and the prevailing hourly rates in the Houston area. *See, e.g.*, *Amlin Corporate Member, Ltd. v. Logistics Group Intern., Inc.*, 2011 WL 3271335, at *5 (S.D. Tex. July 28, 2011) (finding that $250 was a reasonable rate for a litigator with five years of experience); *Chaparral Texas, L.P. v. W. Dale Morris, Inc.*, 2009 WL 455282, at *5 (S.D. Tex. Feb. 23, 2009) (awarding fees at hourly rates of approximately $400 for a commercial litigator with 21 years of experience and $280 for a commercial litigator with 6 years of experience).

It is unclear from Wells Fargo's fee request, and the affidavit and other documents filed in support of that request, whether and to what extent Wells Fargo reduced its billed hours and costs to limit the fees sought for legal work on Morgan's TDCA claim. Wells Fargo argues that it could not and was not required to segregate all of its requested fees because "the legal services rendered by counsel for Wells Fargo advanced both recoverable and nonrecoverable claims, and entailed proof of essentially the same facts." (Docket Entry No. 30, ¶ 16). Under Texas law, "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). As Wells Fargo notes, in *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1(Tex. 1991), the Texas Supreme Court recognized an exception to the duty to segregate "when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that

---

of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 717–19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Co-op., Inc. v. Weber*, 238 S.W.3d 582, 585–87 (Tex. App.—Dallas 2007, no pet.). Wells Fargo's motion, and the relevant attachments, do not address the *Johnson* factors or seek an upward or downward adjustment. After considering the *Johnson* factors, this court finds that no adjustment is warranted.

6

their prosecution or defense entails proof or denial of essentially the same facts." *Id.* at 11. In *Tony Gullo Motors*, however, the Texas Supreme Court clarified the exception to the segregation requirement previously announced in *Sterling*. The court explained, "[t]o the extent *Sterling* suggested that a common set of underlying facts necessarily made all claims arising therefrom 'inseparable' and all legal fees recoverable, it went too far." 212 S.W.3d at 313. Merely because several claims are dependant on the same set of facts, the court noted, "does not means they all required the same, research, discovery, proof, or legal expertise." *Id.*

Wells Fargo has shown that it was unable segregate some, but not all, of the time it spent generally responding to Morgan's first amended complaint. Wells Fargo "did not have to keep separate time records" for each of Morgan's claims, but it was required, at minimum, to state what percent of its billed hours "would have been necessary" to respond to the TDCA claim if it was the only claim Morgan had alleged. *Id.* at 314. Because Morgan's TDCA claim was one of six claims in his amended complaint and Wells Fargo has provided insufficient information about its segregation of its requested fees and costs, this court finds it appropriate to reduce Wells Fargo's fee and cost award by one-half. An additional fee reduction is appropriate because of Morgan's *pro se* status. *See Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989) (reducing fees awarded against a litigant based on his pro se status). Wells Fargo is awarded $1,433.66 in attorney's fees and $138.41 in costs.

Wells Fargo also seeks $825.00 for attorney's fees and costs it incurred in responding to Morgan's motion for reconsideration. Wells Fargo contends that Morgan's motion for reconsideration was dilatory, baseless, and filed for harassment purposes and to increase litigation costs. Rule 11 of the Federal Rules of Civil Procedure generally requires an attorney or *pro se*

litigant to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violating these obligations, including an award of fees incurred in responding to a filing that violates Rule 11. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–96 (5th Cir. 1993). Rule 11 "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005) (citing FED. R. CIV. P. 11(b)(1)). Rule 11(c)(2) requires that a party seeking sanctions must serve the Rule 11 motion on the opposing party and may not file the motion with the district court unless the offending filing is not withdrawn or corrected within 21 days after service. FED. R. CIV. P. 11(c)(2). Wells Fargo has not shown that it complied with Rule 11's safe-harbor notice requirement. Wells Fargo's request for attorney's fees and costs incurred in responding to Morgan's motion for reconsideration is denied.

## V. Conclusion

For the reasons stated above, Morgan's motion for reconsideration, (Docket Entry No. 31), is denied and Wells Fargo's motion for fees and costs is granted, (Docket Entry No. 30), but only as to $1,433.66 in attorney's fees and $138.41 in costs.

SIGNED on May 16, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge